```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         EASTERN DIVISION
_____

1963 JACKSON, INC., and        )
MORGAN GROUP, INC.             )
                               )
         Plaintiffs,           )
                               )
vs.                            )     No. 1:10-01206-STA-dkv
                               )
LLOYD De VOS and FERDINAND MEYER)
as Co-Trustees of the ISAAC    )
BURTON TIGRETT II TRUST and the )
AUGUSTA KING TIGRETT TRUST;    )
the ISAAC BURTON TIGRETT II    )
TRUST; the AUGUSTA KING TIGRETT )
TRUST; ISAAC BURTON TIGRETT II; )
and AUGUSTA KING TIGRETT,      )
                               )
                               )
         Defendants.           )
_____

         REPORT AND RECOMMENDATION ON DIVERSITY JURISDICTION
_____
```

This matter came before the court on the August 30, 2010 motion of the defendant/counter-claimant Lloyd De Vos, as Co-Trustee of the Isaac Burton Tigrett II Trust and the Augusta King Tigrett Trust, for an expedited scheduling conference, accounting, discovery, and injunction hearing. The issues in the motion pertaining to the expedited scheduling conference, accounting, and discovery were referred to the United States Magistrate Judge for determination. In addition, the district judge directed the magistrate judge to make a report and recommendation "as to whether removal is appropriate based upon the residences of the parties described in the complaint."

Pursuant to the reference, the parties were given additional time to submit supplemental briefs on the issue of jurisdiction on removal. Having reviewed the supplemental briefs and the authorities cited therein, the court issues the following report and recommends that the court lacks diversity jurisdiction at this time.

## FACTS

The plaintiffs, 1963 Jackson, Inc. ("Jackson, Inc.") and Morgan Group, Inc. ("Morgan Group"), filed a complaint in the Chancery Court of Tennessee for the Twenty-Sixth Judicial District at Jackson, Madison County, Tennessee, seeking declaratory relief and damages against co-trustees of two trusts, the two trusts individually as artificial entities, and the beneficiaries of the two trusts. The co-trustees named in the complaint are Lloyd De Vos ("De Vos") and Ferdinand Meyer ("Meyer"). The trusts named in the complaint are the Isaac Burton Tigrett II Trust ("the Isaac Tigrett Trust") and the Augusta King Tigrett Trust ("the Augusta Tigrett Trust"). The beneficiaries of the trusts named in the complaint are Isaac Burton Tigrett, II ("Isaac Tigrett") and Augusta King Tigrett ("Augusta Tigrett"). Isaac Tigrett is the sole beneficiary of the Isaac Tigrett Trust, and Augusta Tigrett is the sole beneficiary of the Augusta Tigrett Trust. De Vos removed the case to federal court on the basis of diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332.

The complaint alleges that the plaintiff Jackson Inc. is an Illinois corporation and that the other plaintiff, Morgan Group, is a Tennessee corporation; the defendant De Vos is a citizen of the State of New York with offices in New York; the citizenship and residency of Ferdinand Meyer is unknown; the defendant trusts are sited in Madison County, Tennessee; the defendant Augusta Tigrett is a citizen of the State of California; and defendant Isaac Tigrett is a citizen and resident of Tennessee with residences in Nashville and Memphis, Tennessee. (Doc. No. 1-1, Compl.)

In their briefs submitted to the court, the parties do not dispute the following facts: the plaintiff Jackson, Inc. maintains its principal place of business in Jackson, Tennessee, and the plaintiff Morgan Inc. has its principal place of business in Tennessee. In addition, the parties do not dispute that DeVos is a resident of New Jersey and Meyer is a resident of Switzerland. The only factual dispute is over the citizenship of defendant Isaac Tigrett.

The plaintiffs argue that Isaac Tigrett is a citizen of Tennessee because he allegedly owns two houses in Tennessee, has a Tennessee driver's license, and was served with the summons in this lawsuit at his address in Memphis, Tennessee. In support of their assertion, the plaintiffs offer the summons served on Isaac Tigrett at 5257 Cole Road, Memphis, TN 38120. (Doc. No. 14-1.)

De Vos asserts that Isaac is not a citizen of Tennessee, yet

does not offer any proof of where Isaac is a citizen. In his declaration submitted in support of his position for diversity jurisdiction, De Vos states he is "generally familiar with the assets of Isaac", and that Isaac does not own "any homes or other real property in Tennessee." (Doc. No. 18-2.) De Vos also filed the Declaration of Larry Mendelson, who claims that he signed the service of process on behalf of Isaac Tigrett. (Doc. No. 18-3.) Mendelson states that he is the owner of the house at 5257 Cole Road, Memphis, Tennessee, where the summons on Isaac Tigrett was served, and that Isaac Tigrett has never resided with him at his home in Memphis, Tennessee. (*Id.*) De Vos has presented no other proof to clarify the issue of Isaac Tigrett's citizenship.

De Vos maintains that the citizenship of Isaac Tigrett is irrelevant in determining jurisdiction because the trust's citizenship is that of the trustees, not that of the beneficiaries.

<u>PROPOSED CONCLUSIONS OF LAW</u>

The standard for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) depends upon whether the amount in controversy exceeds $75,000.00 and whether the case is between citizens of different states. In this case, it is undisputed that the amount in controversy exceeds $75,000.00. The sole question before the court is whether there is diversity of citizenship between the parties. Section 1132 has been interpreted to require complete diversity, that is, no party have the same citizenship as any opposing party.

4

*Safeco Ins. Co. Of America v. City of Whitehorse*, 36 F.3d 540, 545 (6th Cir. 1994).  When there is a factual dispute over diversity jurisdiction, the party asserting jurisdiction has the burden of persuasion. *Hertz Corp. V. Friend,* 130 S.Ct. 1181 (2010)*; Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz*, 130 S.Ct. at 1194.  Diversity jurisdiction in this case specifically hinges on whether the citizenship of Isaac Tigrett as a beneficiary is relevant to determining diversity, and if it is relevant, whether Isaac should be considered a citizen of Tennessee.

De Vos argues that the case of *Navarro Saving Assn. v. Lee*, 446 U.S. 458 (1980) controls.  In *Navarro*, the Supreme Court held that trustees may invoke diversity on the basis of their own citizenship rather than that of the trust's beneficiaries. *Id.* at 464-466.  In *Navarro*, the plaintiffs were eight individual trustees; the trust itself was not a party.  DeVos argues that under the holding in *Navarro*, in matters concerning a trust, the court automatically looks only to the citizenship of the trustees when determining diversity.

The plaintiffs argue that the more recent precedent provided by the Supreme Court in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), and as interpreted by *Emerald Investors Trust v. Gaunt*

5

*Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007), controls and requires the court to consider Isaac Tigrett's citizenship because the trust itself was sued as well as Isaac Tigrett individually. In *Carden*, the Supreme Court held that when a suit is brought by or against an artificial entity as a whole, the court will look to all of the members when considering diversity jurisdiction. *Id*. at 195-96. While *Carden* did not involve a trust, its holding has been interpreted to mean that cases filed by or against the trust itself, as an artificial entity, are distinguishable from cases that are filed by or against the trustee's alone.

The Sixth Circuit has not yet addressed the issue of diversity jurisdiction when the trust itself is a named party in the suit. The most persuasive authority comes from the Third Circuit's holding in *Emerald Investors Trust*, 492 F.3d 192. In *Emerald Investors Trust*, the Third Circuit integrated the holdings from *Navarro* and *Carden* by holding that when the trustees alone in their individual capacity file a suit they may invoke diversity jurisdiction on the basis of their own citizenship, but when the entity itself is a party to the action the court must determine the citizenship of that entity as a whole. *Emerald*, 492 F.3d at 201. The Third Circuit called this the "dual trustee-beneficiary rule." *Id.* at 200-01.

The Third Circuit described the "dual trustee-beneficiary rule" as follows:

6

> Thus, in light of *Navarro* and *Carden*, the Supreme Court has established the following rules. In a suit by or against the individual trustees of a trust, where the trustees "possess[] certain customary powers to hold, manage, and dispose of assets," their citizenship, and not that of the trust beneficiaries, is controlling for diversity of citizenship purposes. *Navarro*, 446 U.S. at 464-66, 100 S.Ct. at 1783-84. The rule, however, is different when an artificial entity sues or is sued in its own name. In that situation, because artificial entities, like corporations, are not "citizens" under 28 U.S.C. § 1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of "all the members." *Carden*, 494 U.S. at 195, 110 S.Ct. at 1021.

*Id. See also Riley v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (2002)(holding that when a business trust sues in its own name, it "should be deemed, for diversity purposes, a citizen of each state in which it has at least one shareholder"). This court concludes that the "dual trustee-beneficiary rule" should be applied.

In the present case, the Isaac Tigrett Trust and Isaac Tigrett are both named individually as defendants in the lawsuit. Under the dual trustee-beneficiary rule, Isaac Tigrett's citizenship is relevant in determining whether this court has diversity jurisdiction. De Vos, the party asserting diversity jurisdiction, has failed to carry his burden of persuasion by failing to provide competent proof showing that Isaac Tigrett is not a citizen of Tennessee. Since Isaac Tigrett is the sole beneficiary of the Isaac Tigrett Trust, is named individually as a party in the lawsuit, and the complaint alleges he is a citizen of Tennessee, diversity of citizenship does not exist between the parties and the

court does not have jurisdiction under 28 U.S.C. § 1332(a)(1).

## RECOMMENDATION

For the foregoing reasons, it is recommended that diversity jurisdiction does not exist at this time because the Isaac Tigrett trust is named individually as a party to the action, Isaac Tigrett is named individually as a defendant, and the beneficiary of the Isaac Tigrett Trust, that is, Isaac Tigrett, may be a citizen of the same state as one of the plaintiffs.

Respectfully submitted this 8th day of October, 2010.


                                        s/ Diane K. Vescovo
                                        DIANE K. VESCOVO
                                        UNITED STATES MAGISTRATE JUDGE