## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| 1963 JACKSON, INC., and<br>MORGAN GROUP, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-01206-STA-dkv |
| | ) | |
| LLOYD DE VOS and FERDINAND MEYER<br>as Co-Trustees of the ISAAC BURTON<br>TIGRETT, II TRUST, and as Co-Trustees of<br>the AUGUSTA KING TIGRETT TRUST;<br>the ISAAC BURTON TIGRETT, II TRUST;<br>the AUGUSTA KING TIGRETT TRUST;<br>ISAAC BURTON TIGRETT, II; and<br>AUGUSTA KING TIGRETT, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
## RECOMMENDATION
_____

Before the Court is Defendant's Objections to the Magistrate Judge's Report and

Recommendation on Diversity Jurisdiction (D.E. # 29), filed on October 26, 2010.  On October

8, 2010, Magistrate Judge Vescovo issued a Report and Recommendation ("Report")

recommending that this Court lacks diversity jurisdiction in this matter.  (D.E. # 23.)  Defendant

has timely filed objections to the Report, and this Court will "make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which

objection is made."[1]  For the reasons set forth below, the Magistrate Judge's Report is
**ADOPTED**.

**BACKGROUND**

The Plaintiffs, 1963 Jackson, Inc. ("Jackson, Inc." or "Plaintiff") and Morgan Group, Inc.
("Morgan Group"), filed a Complaint in the Chancery Court of Tennessee for the Twenty-Sixth
Judicial District at Jackson, Madison County, Tennessee, seeking declaratory relief and damages
against co-trustees of two trusts, the two trusts individually as artificial entities, and the
beneficiaries of the two trusts.  (D.E. # 1.)  The co-trustees named in the Complaint are Lloyd De
Vos ("De Vos" or "Defendant") and Ferdinand Meyer ("Meyer").  The trusts named in the
Complaint are the Isaac Burton Tigrett II Trust ("the Isaac Tigrett Trust") and the Augusta King
Tigrett II Trust ("the Augusta Tigrett Trust").  The beneficiaries of the trusts named in the
Complaint are Isaac Burton Tigrett, II ("Isaac Tigrett") and Augusta King Tigrett ("Augusta
Tigrett").  Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,
which removed this action to the United States District Court for the Western District of
Tennessee, Eastern Division.  (D.E. # 1.)

Upon removal, this Court directed the Magistrate Judge to make a report and
recommendation as to whether removal is appropriate based upon the residences of the parties
described in the Complaint.  (D.E. # 7.)  Judge Vescovo filed her report on October 8, 2010.
(D.E. # 23.)

According to Judge Vescovo's Report: Plaintiff Jackson, Inc. is an Illinois corporation
with its principle place of business in Jackson, Tennessee; Plaintiff Morgan Group is a

---

[1] 28 U.S.C. § 636(b)(1)(C).

Tennessee corporation with its principle place of business in Tennessee; Defendant De Vos is a citizen of the State of New Jersey with an office in New York City; Defendant Meyer is a citizen and resident of Switzerland; Defendant trusts are sited in Madison County, Tennessee; Defendant Augusta Tigrett is a citizen of the State of California; and Defendant Isaac Tigrett is a citizen and resident of Tennessee with residences in Nashville and Memphis, Tennessee.

The issue presented in the Report is whether the citizenship of Isaac Tigrett is relevant to determining jurisdiction. In their briefs, the Defendant maintains that a trust's citizenship is that of the trustee and not that of the beneficiary, and, as such, Isaac Tigrett's citizenship is not relevant in determining jurisdiction. The Plaintiff, on the other hand, argues that Isaac Tigrett's citizenship is relevant in determining jurisdiction because he is the beneficiary of the trust.

In her Report, Judge Vescovo discusses the fact that the Sixth Circuit has not yet addressed the issue of diversity jurisdiction when the trust itself is a named party in a suit.[2] Therefore, Judge Vescovo's analysis begins by discussing two related Supreme Court cases–*Navarro Saving Association v. Lee*[3] and *Carden v. Arkoma Associates*[4]. Judge Vescovo writes that in *Navarro*, the Supreme Court held that trustees may invoke diversity on the basis of their own citizenship rather than that of the trust's beneficiaries.[5] Importantly, Judge Vescovo noted that the plaintiffs in *Navarro* were eight individual trustees, and the trust itself was not a

---

[2] Report & Recommendation, 6.

[3] 446 U.S. 458 (1980).

[4] 494 U.S. 185 (1990).

[5] Report & Recommendation, 5 (citing *Navarro*, 446 U.S. at 464-66).

party.[6]  In the other Supreme Court case, *Carden*, the Court held that when a suit is brought by or against an artificial entity as a whole, the court should look to all of the members when considering diversity jurisdiction.[7]  Judge Vescovo highlighted that *Carden* did not involve a trust, but rather a limited partnership.[8]

After analyzing the holdings in *Navarro* and *Carden*, Judge Vescovo found that for the precise issue of diversity jurisdiction when the trust itself is a named party in a suit:

> [t]he most persuasive authority comes from the Third Circuit's holding in *Emerald Investors Trust* [*v. Gaunt Parsippany Partners*[9]].  In *Emerald Investors Trust*, the Third Circuit integrated the holdings from *Navarro* and *Carden* by holding that when the trustees alone in their individual capacity file a suit they may invoke diversity jurisdiction on the basis of their own citizenship, but when the entity itself is a party to the action the court must determine the citizenship of the entity as a whole.  The Third Circuit called this the "dual trustee-beneficiary rule.[10]

Consequently, Judge Vescovo found that because this case involves a trust as a party to the action, the "dual trustee-beneficiary rule" should apply.

Specifically, the Third Circuit described the "dual trustee-beneficiary rule" as follows:

> [I]n light of *Navarro* and *Carden*, the Supreme Court has established the following rules.  In a suit by or against the individual trustees of a trust, where the trustees "possess[] certain customary powers to hold, manage, and dispose of assets," their citizenship, and not that of the trust beneficiaries, is controlling for diversity purposes.  *Navarro*, 446 U.S. at 464-66, 100 S.Ct. At 1783-84.  The rule, however, is different when an artificial entity sues or is sued in its own name.  In that situation, because artificial entities, unlike corporations, are not "citizens" under 28 U.S.C. §

---

[6] *Id.*

[7] *Id.* at 6.

[8] *Id.*

[9] 492 F.3d 192 (3d Cir. 2007).

[10] Report & Recommendation, 6 (citations omitted).

1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of "all the members." *Carden*, 494 U.S. at 195, 110 S.Ct. at 1021.[11]

Accordingly, under this "dual trustee-beneficiary rule," Judge Vescovo stated that Isaac Tigrett's citizenship is relevant to determining whether this Court has diversity jurisdiction because he is the sole beneficiary of the Isaac Tigrett Trust.[12] Consequently, because the Complaint alleges Isaac Tigrett is a citizen of Tennessee, Judge Vescovo found that diversity of citizenship does not exist between the parties and that this Court does not have jurisdiction under 28 U.S.C. § 1332(a)(1).[13]

On October 26, 2010, De Vos filed Defendant's Objection to Magistrate's Report and Recommendation on Diversity Jurisdiction. (D.E. # 29.)

## ANALYSIS

Because the Defendant has filed objections to the Magistrate Judge's Report, the Court will review those portions of the Report to which the objections have been made de novo, pursuant to 28 U.S.C. § 636(b)(1)(C). The Court will discuss these objections first. The Defendant has also raised an additional argument in his objections to the Magistrate Judge's Report and the Court will discuss this second.

In his objections, Defendant argues the Report is in error because Judge Vescovo applied an incorrect standard for determining the citizenship of the Isaac Tigrett Trust. Citing *Navarro*

---

[11] *Id.* at 7 (quoting *Emerald Investors Trust*, 492 F.3d at 200-201). See also *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (holding that when a business trust sues in its own name, it "should be deemed, for diversity purposes, a citizen of each state in which it has at least one shareholder").

[12] Def.'s Obj. to Report & Recommendation, 7.

[13] *Id.* at 7-8.

and three Court of Appeals cases,[14] the Defendant submits that "for more than 150 years a trust has been considered a citizen of the same state as the trustee. . . . not [] the citizenship of the beneficiary."[15] Defendant argues that the rule relied on by Judge Vescovo, the "dual trustee beneficiary rule," is inapplicable in this case.[16] The Defendant argues the rule is inapplicable because that rule is relevant in the context of business trusts; whereas, here, the Isaac Tigrett Trust is simply a gratuitous trust.[17] Additionally, the Defendant argues that the rule is equally inapplicable because the Tigrett Trust, a gratuitous trust, is not an artificial entity with independent citizenship.[18] Lastly, Defendant argues that the Isaac Tigrett Trust and Isaac Tigrett are nominal parties whose joinder does not destroy diversity. For these reasons, the Defendant submits that the long-standing law in *Navarro* should be applied in this case, and, as such, the Isaac Tigrett Trust should take the citizenship of the trustees–not Isaac Tigrett.

The Plaintiff, on the other hand, responds to Defendant's objections by stating that "*Navarro* is not applicable in determining the citizenship of a trust when a trust is a named

---

[14] *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("The citizenship of a trust is that of the trustee."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 318 (7th Cir. 1998) ("Trusts take the citizenship of the trustees rather than the beneficiaries.").

[15] Def.'s Obj. to Report & Recommendation, 5.

[16] *Id.*

[17] *Id.* at 6.

[18] *Id.* at 9.

party."[19]  The Plaintiff highlights that the Supreme Court in *Carden* noted that the *Navarro* decision "had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names."[20]  The Plaintiff goes on to state that, following the *Carden* decision, the majority of courts that have addressed this precise issue have held that trusts are artificial entities whose citizenship must be determined based on the citizenship of all their beneficiaries.[21] Additionally, Plaintiff objects to the Defendant's argument that there is a important distinction here between a "business trust" and a "gratuitous trust" and whether this trust could be classified as an artificial entity.[22]  Plaintiff argues that a trust, regardless of how it is characterized, is an artificial entity as contemplated by the Supreme Court in *Carden*.[23]  Furthermore, Plaintiff argues that Isaac Tigrett is the real party in interest in this case because he is the person who may gain or lose in this litigation.[24]  Therefore, Plaintiff submits that Isaac Tigrett, as sole beneficiary of the Isaac Tigrett Trust and as a citizen of Tennessee, destroys diversity with the Plaintiffs.

     For the reasons set forth below, this Court concludes that there is no error in the Magistrate Judge's conclusion that this Court lacks jurisdiction in this matter.

---

[19] Pl.'s Resp. to Def.'s Obj. to Report & Recommendation, 4.

[20] *Id.* at 5 (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 194-95).

[21] Pl.'s Resp. to Def.'s Obj. to Report & Recommendation, 5 (citing *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337-40 (11th Cir. 2002); *RTC Commercial Asset Trust v. Phoenix Bond & Indemnity Co.*, 169 F.3d 448, 451-52 (7th Cir. 1999); *In re A.H. Robins Co.*, 197 B.R. 575, 577-580 (E.D. Va. 1995)).

[22] Pl.'s Resp. to Def.'s Obj. to Report & Recommendation, 7.

[23] *Id.* at 7-8.

[24] *Id.* at 7.

In 1980, the Supreme Court in *Navarro* found that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others."[25] And, that "trustees who meet [that] standard [may] sue in their own right, without regard to the citizenship of the trust beneficiaries."[26] Ten years later, the Supreme Court, in *Carden*, found that diversity jurisdiction by or against an artificial entity depends on the citizenship of all of the members.[27] In *Carden*, the Supreme Court specifically distinguished *Navarro* by stating that "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names."[28] Out of these two cases came the "dual trustee beneficiary rule"-- the rule to look to the citizenship of both the trustee and the beneficiary in all cases in which a trust is a party. Judge Vescovo relied on this rule in her Report, and this rule "does not contradict the Supreme Court precedent in either *Navarro* [or] *Carden*."[29] Therefore, this Court agrees with the Magistrate Judge's Report that the "dual trustee beneficiary rule" applies in this case, and, as such, Isaac Tigrett, as sole beneficiary of the Isaac Tigrett Trust and as a citizen of Tennessee, destroys diversity with the Plaintiffs.

---

[25] *Navarro Savings Association v. Lee*,  446 U.S. 458, 464 (1980).

[26] *Id.* at 465-66.

[27] *Carden*, 494 U.S. at 195.

[28] *Id.* at 192-93.

[29] *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 203 (3d Cir. 2007).

The Defendant, however, as noted above, argues that there are distinctions between this case and the *Carden/Emerald* line of cases such that, in this case, *Navarro* should be the applicable law. The Court will take up each of these distinctions separately.

First, Defendant argues this Court should not apply the "dual trustee beneficiary rule" because the Isaac Tigrett Trust is a gratuitous trust and not a business trust. Interestingly, this argument tracks an argument brought by the defendants in *Emerald Investors Trust*.[30] In *Emerald*, the Third Circuit dismissed this argument by stating that their "research . . . [did not lead them] to conclude that the type of trust calls for a difference in treatment when determining a trust's citizenship for diversity of citizenship jurisdictional purposes."[31] Additionally, the Defendant does not cite any cases that support its contention of calling for differential treatment based upon the type of trust. Therefore, this Court finds the distinction between gratuitous trusts and business trusts to be a distinction without merit.

Second, Defendant argues this Court should not apply the "dual trustee beneficiary rule" because the Isaac Tigrett Trust is so connected to the trustee that it has no independent citizenship. Defendant starts by stating that in *Carden*, *Emerald Investors Trust*, and *Riley*, the "artificial entity at issue was created by statute."[32] Defendant states that "[u]nlike a statutorily created business trust, the [Isaac] Tigrett Trust is a creature of common law governing relationships between trustee and beneficiary."[33] Defendant goes on to say that the Isaac Tigrett

---

[30] *Id.* at 198 n.10.

[31] *Id.*

[32] Def.'s Obj. to Report & Recommendation, 9.

[33] *Id.*

Trust "has no citizenship independent of the Trustee" and that a trust "is not a defined entity at all."[34]   Defendant then argues that "it logically follows that for diversity purposes a trust has the citizenship of the trustee who exercises control over all trust assets."[35] Defendant cites no authority to support this argument and this Court does not find that the conclusion that a "trust has the citizenship of the trustee" "logically follows" the prior statements given by the Defendant.  Therefore, this Court finds that this argument is likewise without merit.

Lastly, Defendant argues that this Court should not apply the "dual trustee beneficiary rule" because the Isaac Tigrett Trust and Isaac Tigrett are nominal parties whose joinder does not destroy diversity.  As cited by Defendant, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."[36]  This argument again tracks an argument brought by the defendants in *Emerald Investors Trust*.[37]  In that case, the Third Circuit dismissed this argument by stating that it is:

> [U]npersuasive because defendants advance it in an attempt to invoke a "real party to the controversy" test that the Supreme Court rejected in *Carden v. Arkoma Associates*, 494 U.S. 185, 187 n.1, 110 S.Ct. 1015, 1017 n.1, 108 L.Ed.2d 157 (1990), as the Court observed in that case that not a single case cited by the dissent supported the assertion that the "real party to the controversy" test is relevant to the citizenship for diversity purposes of an artificial entity. . . .[38]

---

[34] *Id.* at 9-10.

[35] *Id.* at 10.

[36] *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

[37] *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 198 n.10 (3d 2007).

[38] *Emerald*, 492 F.3d at 198 n.10.  The question presented in *Carden* is somewhat distinguishable from the question presented here because, in *Carden*, only the artificial entity was sued; whereas, here, the trust, the trustees, and the beneficiaries are being sued.  The majority in *Carden* discuss this in a footnote:

Moreover, even if the real party in interest test is applicable here, Defendant has not shown that the Isaac Tigrett Trust and Isaac Tigrett are nominal parties. According to the Sixth Circuit, a real party in interest is defined as a person who is entitled to enforce the right asserted under the governing substantive law,[39] and a nominal party is "one who has no interest in the result of the suit and need not have been made a party thereto."[40] Despite bare assertions,[41] the Defendant has not shown that the Isaac Tigrett Trust and Isaac Tigrett have no interest in the result of the suit. Therefore, following Supreme Court and Third Circuit precedent and upon

---

"[t]he question presented today is not which of various parties before the Court should be considered for purposes of determining whether there is complete diversity of citizenship, a question that will generally be answered by application of the "real party to the controversy" test. There are *not*, as the dissent assumes, multiple respondents before the Court, but only *one:* the artificial entity called Artoma Associates, a limited partnership. And what we must decided is the quite different question of how the citizenship of that single artificial entity is to be determined-which in turn raises the question whether it can (like a corporation) assert its own citizenship, or rather is deemed to possess the citizenship of its members, and, if so, which members."

*Carden*, 494 U.S. at 187 n.1. Thus, the question presented is a more narrow in that case because the *only* the artificial entity was sued; whereas, here, the trust, the trustees and the beneficiaries were sued.

[39] *Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994).

[40] *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952).

[41] Defendant states that "[b]ecause the [Isaac] Tigrett Trust can have no liability and has no stake in the outcome of this litigation, it is only a nominal party to the dispute. Def.'s Obj. to Report & Recommendation, 8. Moreover, he states that "the [Isaac] Tigrett Trust does not own or control any assets or have the power to sue or be sued. It is a nominal party whose presence is irrelevant for purposes of diversity jurisdiction." (*Id.*) Furthermore, Defendant states that Isaac Tigrett is a nominal party because "[h]e has no control [over] the [Isaac] Tigrett Trust. He does not own any of the assets of the [Isaac] Tigrett Trust. He did not declare the Lease in default and does not have the authority to manage or protect the assets. He is not authorized to sue to protect the assets." (*Id.* at 9.)

analyzing the issue under Sixth Circuit precedent, this Court finds that Defendant's argument is without merit.

The Defendant has advanced one additional argument in his objections to the Report. Defendant submits that "should the Court find that it lacks subject matter jurisdiction over this matter as pleaded at present, the Court should permit De Vos to plead an independent third party claim against U.S. Bank, an Ohio citizen, which dominates Jackson."[42] Defendant states that "complete diversity exists between U.S. Bank and De Vos" and "[t]he Court would then have jurisdiction over the remaining claims in this action under 28 U.S.C. § 1367." According to 28 U.S.C. § 636, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence . . . ." [43] This Court took the request under consideration; however, the Court finds the request to be without merit. Even if Defendant could prove that U.S. Bank "dominates Jackson," the Defendant did not demonstrate, and the Court cannot decipher, how permitting the Defendant to plead an independent third party claim against U.S. Bank could cure the jurisdictional issues.

## CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. This matter should be remanded to state court.

**IT IS SO ORDERED.**

---

[42] Def.'s Obj. to Report & Recommendation, 10.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 8th, 2010.